IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOSHUA NEAL SHARP, )
)
Plaintiff, )
)
) No. 1:16-cv-00065
v. ) Senior Judge Haynes
)
DEBRA WAGONSCHUTZ, et al., )
)
Defendants. )

**MEMORANDUM**

Plaintiff, Joshua Neal Sharp, an inmate at the Maury County Jail in Columbia, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Debra Wagonshutz, Maury County Jail, Maury County Jail Medical Staff, Bucky Rowland, Tracie Carter, and Maury County Jail nurses named Amy and Cassie, last names unknown. (Docket Entry No. 1). Plaintiff asserts claims for deliberate indifference to his serious medical needs. Before the Court is Plaintiff's application to proceed in forma pauperis. (Docket Entry No. 2). Plaintiff's complaint (Docket Entry No. 1) is also before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

According to his complaint, in June 2016, Plaintiff twice requested mental health attention but was told both times that he was "put on the list" to be seen. (Docket Entry No. 1, Complaint, at 7). Plaintiff, however, did not receive any medical attention. Id. On July 2, 2016, Plaintiff alleges that he attempted suicide by swallowing a razor blade. Id. Plaintiff alleges that he was taken to an emergency room outside the hospital, and underwent surgery to remove the razor blade. Id. Plaintiff alleges that upon regaining consciousness he was returned to Maury County Jail and placed in an observation cell where he remained for 27 days without receiving any mental health treatment. Id.

On July 27, 2016, Plaintiff alleges that he was returned to maximum custody. Id. As of August 18, 2016, Plaintiff alleges that despite submitting multiple requests and grievances, Plaintiff had still not received any mental health treatment. Id. at 7-8.

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed in forma pauperis, and dismiss the complaint if the complaint is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

To state a claim under 42 U.S.C. § 1983, Plaintiff "must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Burley v. Gagacki, 729 F.3d 610, 619 (6th Cir. 2013).

As to Defendant Maury County Jail, a jail is not a "person" subject to an action under § 1983. See Watson v. Gill, 40 F.App'x 88, 89 (6th Cir. 2002); Travis v. Clinton Cnty. Jail, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). As to Defendants Rowland and Wagonschutz, Plaintiff does not allege their personal involvement in his lack of mental health treatment at the jail.

Supervisory capacity does not make a defendant liable for an employee's actions under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for liability under § 1983). The Sixth Circuit has explained that liability under § 1983 "must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (quoting Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir.1982)). Plaintiff has not alleged such participation by Rowland or Wagonschutz and therefore fails to state a claim against them.

Plaintiff, a pretrial detainee, has the right under the Fourteenth Amendment to adequate medical care. Miller v. Calhoun County, 408 F.3d 803, 812 (6th Cir. 2005). Deliberate indifference to a prisoner's serious medical needs "constitutes the 'unnecessary and wanton infliction of pain'" to violate the Eighth Amendment.[1] Estelle, 429 U.S. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "An inmate's 'psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies.'" Grabow v. Cnty. of Macomb, 580 F. App'x 300, 307 (6th Cir. 2014) (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)). A claim for failure to address a serious medical needs has objective and subjective requirements. McCarthy v. Place, 313 F. App'x 810, 813 (6th Cir. 2008) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)). Here,

---

[1] The Supreme Court's recent decision that pretrial detainees have a lower burden than convicted prisoners in excessive force cases, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472-73 (2015), has not been held to apply to deliberate indifference cases. But see Johnson v. Clafton, No. 13-14922, 2015 WL 5729080, at *4 (E.D. Mich. Sept. 30, 2015) (collecting cases and stating that "[a]fter Kingsley, it is unclear whether courts should continue to use the Eighth Amendment's deliberate-indifference standard to analyze inadequate-medical-care claims brought by pretrial detainees pursuant to the Due Process Clause").

Plaintiff's allegations about his mental condition are sufficient to satisfy the objective element of a serious medical condition.

As to the subjective component, deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. This standard requires proof that the defendant knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 834, 837. Plaintiff's allegations of his multiple written and verbal requests for mental health attention, and his actual suicide attempt requiring surgery and hospitalization are sufficient to satisfy the subjective element of his claim. The Court concludes that Plaintiff has therefore stated a colorable claim for deliberate indifference against the named medical staff: Tracie Carter, Nurse Amy, and Nurse Cassie.

An appropriate Order is filed herewith.

**ENTERED** this the 3rd day of November, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge